**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

DAVID FLENKER,

      Plaintiff-Appellant,

v.

WILLAMETTE INDUSTRIES, INC.,

      Defendant-Appellee.

No. 96-3242

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 95-2480-KHV)

Stephen J. Dennis, Dennis, Stanton & Redlingshafer, L.L.C., Fairway, Kansas, for Plaintiff-Appellant.

Rody P. Biggert (Andrew M. Altschul with him on briefs), Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Illinois, for Defendant-Appellee.

Before **HENRY** , **LUCERO** , and **MILES-LAGRANGE** ,[*] Circuit Judges.

**HENRY** , Circuit Judge.

      This is an appeal from a summary judgment entered in favor of an

---

      [*]      The Honorable Vicki Miles-LaGrange, United States District Judge of the Western District of Oklahoma, sitting by designation.

employer, Willamette Industries, Inc. ("Willamette"), in a tort action under Kansas law for retaliatory discharge. The district court held that plaintiff-appellant Mr. Flenker's retaliatory discharge claim was precluded because section 11(c) of the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 660 (c) (1994), provided him an adequate alternative remedy. Mr. Flenker appealed.

Because we determined that resolution of the appeal turned on an unsettled issue of Kansas law, we certified the following question to the Kansas Supreme Court: "Does the remedy provided by OSHA § 11(c) for employees who allege that they have been discharged in retaliation for filing complaints under that statute preclude the filing of a Kansas common law wrongful discharge claim under Kansas's public policy exception to at-will employment?" The Kansas Supreme Court, under the facts submitted to it in our certification, answered "no." Flenker v. Willamette Industries, Inc., No. 80408, 1998 WL 771624, at *5, *10 (Kan. Nov. 6, 1998).

Applying the Kansas Supreme Court's answer here, we hold that OSHA § 11(c) does not preclude Mr. Flenker's Kansas common law wrongful discharge claim. Thus, with the benefit of this decision previously unavailable to the district court, we now VACATE the grant of summary judgment to Willamette and REMAND for further proceedings.